Thank you, Your Honor. Good morning, and may it please the Court. My name is Jonathan Byrne. I'm here on behalf of Kevlin Jackson, who is the defendant below. The issue in this case is the appropriateness of a special condition of supervised release that provides a probation officer almost unlimited and completely unchecked authority to search Mr. Jackson's person, home, or effects if the probation officer thinks there is a possibility that Mr. Jackson has violated any of the 24 other conditions of supervised release that he's required to abide by while he is serving his term of supervised release. Supervised release is a creature of statute, and the District Court only has the authority that Congress has granted it to impose conditions. There are mandatory conditions, and there are special conditions of supervised release. This is not a mandatory condition of supervised release. And therefore, in order to impose it, the Court has to ensure that it complies with two requirements. First, the condition has to be reasonably related to the relevant sentencing factors, which includes the nature and circumstances of the offense, as well as the history and characteristics of the defendant. And then the condition also has to involve no greater deprivation on liberty than is necessary to achieve the purposes of sentencing in supervised release. Mr. Brennan, you notice this isn't a mandatory condition under the statute. Could you just give me a sense, and I'm going to ask your friend on the other side this, how common is this condition in your district? Well, it's interesting you ask that question, Your Honor, because this condition originally came out of the guidelines as a recommended condition for sex offenders, and it sort of appeared on a more frequent basis outside of those contexts. Since we have been litigating it in the district court and here, the condition has been modified generally to require the court to make the reasonable suspicion determination as opposed to the probation officer as it is here. And I polled my colleagues before I came here this week, and they indicated that once that modification was made, a lot of times the condition was not getting imposed as much as it was. So I think we sort of had a flurry of these cases, which led to a flurry of appeals in this court, and I think this is the first one that's made it to this point. And I correct this, this search condition is the only thing you're challenging here about the sentence? That's correct, Your Honor, yes. Mr. Byrne, so it is a very unusual condition for the reasons you just explained. The district court in this case has spent a good bit of time on the front end talking about the reasons for imposing the prison sentence, and was very, very thorough, I think, with respect to that. And of course, you've got the PSR, which purports or at least attempts to explain why this additional condition was appropriate given the defendant's circumstances. But as I think you know, the court, in considering a sentence, an objection to a sentence, has to consider first whether it's procedurally reasonable, and second, whether it's substantively reasonable. And I didn't get from your brief that you were necessarily contesting procedural reasonableness, but I wonder why not. In theory, I suppose, there might be a good reason for why this condition would be appropriate with respect to a defendant, maybe even this one. But it didn't clear to me that the district court sufficiently explained why in this case the condition was appropriate. And if so, isn't that a procedural violation as opposed to a substantive one? It certainly could be, Your Honor. I think part of the issue, at least with the way I conceive of these cases, is the standard of review for the imposition of special conditions or conditions of supervised release has always been abuse of discretion. That didn't necessarily change with Booker and reasonableness as review for other parts of the sentence. And so I've kind of always treated that as part of the abuse of discretion calculus. Certainly the only basis that the district court gave for imposing this condition specifically is that the facts of this offense of conviction are that Mr. Jackson had guns and drugs in his home. And the district court kind of spun out this hypothetical that had he been on some sort of supervision and had a condition like this that he had to comply with, if the district court had seen something suspicious, the probation officer could have gone in to his home and stopped this activity before police would have been notified or something like that. But that is a basis that could almost apply in every case where guns and drugs are involved. There's another case, an observation from another judge in our district about this condition, the Clark case that I cited in our briefs, where the judge pointed out that this condition would apply in every gun and drug case, because for the most part, people who are involved with drugs, people who possess firearms illegally, do it in their homes, or at least in connection with their homes in some way. The judge there was the same judge that had pronounced the original sentence. Yes, Your Honor, this is the original sentence. Pardon? This is the original sentence. This is not a revocation. Well, the judge would have been familiar with the criminal history, that kind of evidence would plainly come in, would be permissible at sentencing, would it not? Yes, Your Honor. And it came in? It was discussed, Your Honor, yes. But I think if you look at the history of Mr. Jackson that's laid out in the PSR, he's received several sentences of probation over the years. The question ultimately is whether there was an abuse of discretion in imposing the condition. What was the criminal history score here? He was in criminal history category one. I'm not sure if it was zero or one. Criminal history category one? Yes, sir. Because... But there were multiple firearms and drug offenses and prior convictions? There were prior convictions. I know there were prior drug convictions. There was a history of prior drug convictions? There is, Your Honor. And the history of prior firearms convictions? I'm not certain there's a prior firearm conviction, but I'd have to double check on that. But in almost all of those cases, he received probationary sentences. And although he did have some issues on probation, there is nothing related to the probation revocations or probation violations that he had in his past that suggests that when he is being supervised, he commits criminal offenses. The one we have the most detail about is his prior conviction in the Southern District of West Virginia, for which he received probation. And there's been a prior probationary sentence handed down by the same district judge? I don't know that it was the same district judge. It was the same district court. I would have to check to see if it was the same judge. I guess the question is whether this special condition is sufficiently related to the factors in 3583D. And why would not this be rationally related to the 3583D factors? It's certainly related to the nature of the offense because the convictions that we're talking about and the violations we're talking about involving drugs and firearms and the condition is responsive to that. And certainly responsive to the protection of the public and to the deterrence of additional statutory violations and responsive to the history and character of the defendant because the district court is aware, you were aware, of prior convictions involving drugs and firearms. So when you look at the 3583 factors and take into account the discretion that we accord district judges in setting special conditions, why isn't this related to 3583D, which is the ultimate question? It seems that's what Congress contemplated the consideration of the very things the district court considered. Your Honor, with respect, I think the nature of Mr. Jackson's prior probation terms don't suggest that a condition that allows a probation officer to search his personal home or papers, basically any time the probation officer thinks there's a reason to, is necessary because his probation violations, like I said, we don't really have an idea of what the prior violations were in state court, although he never really got like a sentence of imprisonment imposed as a result. With the prior Southern District of West Virginia case, he did get his probation revoked. He got his probation revoked because he left the district without permission and didn't maintain employment. And so there's no indication that the scenario that the district court came up with of if he was under supervision, the probation officer could have stopped criminal conduct ever took place. Let's say the probation officer uncovers a cache of guns and drugs in this individual's apartment. You wouldn't be able to exclude the evidence in a revocation hearing under our Armstrong case. Correct. But you would still be able to contest the evidence in any kind of revocation proceeding. You could say there was no reasonable suspicion here and you could say that this was not undertaken at a reasonable time and manner and that it ran afoul of the district court's guidelines. So you'd be able to test the manner in which the evidence was gathered in the event that it was ever sought to be used in a revocation proceeding. And why isn't that a sufficient safeguard? Well, I disagree that that safeguard would be there, Your Honor. Armstrong says an exclusionary rule doesn't apply in revocation proceedings. If there was some issue as to like a stash of guns, as you said, if there was a question of where they were found, they were found in the home Mr. Jackson was living in but not in his bedroom or something like that, you could argue about what that means. But you couldn't argue that the probation officer went in at an unreasonable time and therefore this evidence, this seized evidence, should be excluded because that's what Armstrong says you can't do. It's the kind of thing you could do if the probation officer were a police officer and violated the Fourth Amendment, but we can't do that in a revocation proceeding. That's one of the big problems with this condition that has been somewhat addressed in the district going forward. And then what about if, again, hypothetically, if there's a supervision-related search that uncovers evidence of a new crime that results in a new criminal prosecution? What do you think the status of the exclusionary rule is in that criminal prosecution? I think it would be a difficult argument to make because of Supreme Court precedent about the nature of supervisees and their expectations of privacy. Yes, Your Honor. Right. I'm not asking you to give things away on behalf of future clients. I'm assuming you want to try to argue that it applies. But right. My instinct is the same as yours that like I guess I don't know of a case that squarely forecloses your ability to do that, but I don't know. All of the tenure of every exclusionary rule decision in the last 40 years suggests to me that we probably wouldn't exclude that even during a subsequent criminal prosecution. I think that would be a difficult argument to prevail on, Your Honor. Yes. Mr. Byrne, so you raised the issue of the example of guns and drugs and you thought that that would be problematic in and of itself with respect to the search condition. But the concern I have with the condition is that it's true that district court judges have great authority. We analyze any position of a condition for abuse of discretion, but they're also required to impose the restriction that is the least restrictive condition necessary to achieve the goals of the sentence. And in this case, we have a condition that says essentially that a probation officer can search upon reasonable suspicion with not tethered to any particular place or likelihood that the evidence of a violation to be found is likely to be found in the place where the officer might find it. And it's any condition. It doesn't matter. Drugs, guns could be a violation of a failure to pay monetary fees. It could be lying to a probation officer. All of that is fair game for a probation officer to search his person, his place, his papers, I think his automobile, a bunch of other things. And that's the concern that I have. But, again, I go back to my earlier question whether is that a procedural reasonableness issue because the district court failed to explain why that type of broad condition was necessary in this case. He was obviously focused on guns and drugs, but didn't explain why this condition, overbroad as I think it is, was necessary to address that concern. I certainly agree with Your Honor's concerns on that. And, again, I would sort of fold that into the that it has to involve no greater deprivation on liberty as an abuse of discretion, whether that is a procedurally, whether it could be procedurally sufficient if it were more explained and if you had a different record. But I think that the condition itself fails under the idea that it involves no greater deprivation on liberty. Where does this idea, what is the source of your, of the idea that it has to be the least restrictive condition possible as opposed to a discretionary judgment on the part of the district court that the condition is related to 3583D? Your Honor, the statutory language is no greater deprivation on liberty. So that seems to be a flip side of least restrictive. I would think that the test would be whether it was an abuse of discretion. And, you know, if there were a plain error of law, that might be an abuse of discretion. But I don't, the idea of the least restrictive condition, I'm not sure where that leads because there's this constant effort to try to, by people on supervised release, to claim for themselves the full protections of the criminal justice process prior and before trial. And to have us conveniently overlook the fact that these individuals have been convicted and are, as convicted persons are generally, subject to a different set of rules that we run into that in habeas corpus and in the sentencing process and all kinds of things. And I just don't know. We can say, well, you've got to have the least restrictive conditions. People are lucky to be on supervised release. And if we, if we continue to, if we restrict what district courts can do on supervised release, where there is at least the risk of undermining the utility of this particular instrument of criminal justice. And the district judge says, well, to avoid these sorts of problems, I'm simply going to impose a lengthened prison term. I mean, that's where you can be headed. It's, there's a, there's a danger in over-policing this area. That's what I'm suggesting. And I think if we take the abuse of discretion standard and the discretion that district courts have in imposing special conditions and replace it with the least restrictive means, least restrictive condition, that strikes me as a leap. You can comment on it or you don't have to comment on it. But I think that abuse of discretion standard puts a deference, gives a deference to the district judge. The least restrictive condition puts all the presumption against the district judge. So we've really flipped it. And I just wonder where we're going. May I respond briefly to that, Your Honor? Absolutely. Well, I don't disagree that ultimately the question here is whether there is an abuse of discretion. An error of law can be an abuse of discretion. And one of the requirements that the statute sets forth is that the condition involve no greater deprivation on liberty than is reasonably necessary. There can obviously be disagreements as to what, where that line is. But I think that plays into the function of the abuse of discretion standard itself. Thank you, Your Honor. Thank you, Mr. Byrne. Mr. Adams. Good morning, and may it please the Court. I'm Joe Adams, and I represent the United States. Your Honors, in this case, the district court acted well within its discretion when it imposed the search condition as to Mr. Jackson. And that condition was reasonable, again, as to this particular defendant. When you consider the district court's statements in context, coupled with the district court's adoption of the government's argument as well as the probation justification, it's clear that the district court adequately considered the sentencing factors that are applicable and as well imposed this condition on a sufficient individualized basis. Can I ask you the same question I asked your friend on the other side? How common is this condition in your district? I wouldn't call imposition of this condition very common. This was the first time that I had dealt with it in one of my assigned cases. I would call at least the former condition, and I agree with my colleague, the condition has been changed, it seems, district-wide at this point, that it does now require the court to make the reasonable suspicion finding. But I would say it was challenged commonly, certainly. Okay, so I guess can I ask you about something I'm not sure has been right? To me, the problem here is the combination of two things. There's a standard condition of supervision that says don't violate any laws, right? That is a mandatory condition. Every defendant gets it. And then I have a special condition here that says you can search, if you have a reasonable suspicion of any violation of these terms of supervision. These two terms of supervision involve any violation of law at all. So I put these two conditions together, and I read this special condition of supervision as saying a probation officer or whatever we call this person, I have trouble with the terminology, that I can search this dude's house if I have reasonable suspicion to believe he violated literally any law. That is staggeringly broad to me. Am I wrong factually about what these two conditions mean together, or am I wrong to be troubled that that seems staggeringly broad? I don't think that you're misreading the conditions, and I would have to concede and agree with your analysis if there is a reasonable suspicion under this condition. Tax fraud. So this drug and gun defendant, you can search his house if you have a reasonable suspicion of tax evasion. Under the express language of the condition, I would not use that. How is that possibly no greater deprivation of liberty than is reasonably necessary to ensure his compliance? Well, I think what the court has to do is the court has to look back and see if, again, if it's related to the specific... Right. This dude's committed drug and gun offenses, and you can now search his house for tax fraud. How is that related to his circumstances, even the slightest? Well, when you look back at this defendant's history and consider the sentencing factors that are applicable, again, the court has to determine that it's not greater than necessary considering the applicable sentencing factors. And those factors include the need to deter a defendant as well as the need to protect the public, which of course would include the court's employees or the probation officer. So the court would look and see if a search condition, again, applied to a defendant in this position would reasonably be related to those factors. And that's really what the court did when the court made comments justifying why this condition would be appropriate. Can I follow up on Judge Hyten's questions? Because it's not only just a violation of any law, it's a violation of any of the conditions of supervision, including ones like there's a condition that says if he's unemployed, the probation officer may direct the offender to register and remain active. If he doesn't do that, and the probation officer has reasonable suspicion that he violated that condition, the officer can search his home, his car, his person. Where's the connection between the search and that violation? Well, again, Your Honor, I would point the court back to the specific, excuse me, sentencing factors that are applicable. In this case, the need to, again, protect the public, which includes the probation officer, and the need to deter the defendant. And the court has to look at this specific defendant. In this case, the court directly commented on that when it talked about the nature and circumstances of the offense in this case. The court, in essence, was saying this is not simply a case where a defendant was convicted of being a felon in possession of a firearm. The court expressly recounted how this defendant had guns that were hidden inside of the residence, which certainly speaks to the need for protection. The court also, and I understand... That all sounds like a great argument for why you could impose a condition involving this defendant about firearms. If there's a reason to believe he has firearms, that seems like a great argument that you can do that. I don't see how it addresses what Chief Judge Diaz was just saying at all. Well, and I understand the court's concern with the broadness of the condition and the authority that it would give the supervising probation officer. The court did somewhat speak to this, and the court referenced the fact that the court wouldn't expect that this condition would be applied in that manner, be that as it may. Is that what the court said, that it should give me comfort that it wouldn't be applied in that manner? The court specifically said that he did not expect that the probation officer would apply this to some theoretical all-encompassing violation, that there would be some specifics that would tie the suspicious circumstances to the search. So the court was... Has a search even been undertaken here? Has any search ever been undertaken? I'm sorry, Your Honor, could you repeat that? Has a search... What kind of searches have been undertaken pursuant to this special condition? I'm not aware of any searches that... There haven't been any searches that have been undertaken, have there? Nobody searched pursuant to the special condition? I'm certainly unaware whether this defendant has had to submit to any searches. I don't have any knowledge. You can give me a straight answer. Has there been a search, has there been any search undertaken pursuant to this special condition? Not to my knowledge, Your Honor. Okay, thank you. Yes, sir. Well, maybe it's sort of a question of ripeness here, but is the appropriate way to do this if someone finds that there's an abuse of authority? It can certainly be contested at any revocation proceeding or you can go there's nothing that would prevent the individual from saying, wait a minute, from going to the district judge and saying, wait a minute, the probation officer is abusing his authority. I would agree with that, Your Honor. Once a search were undertaken, if a petition were filed to revoke supervisory release, a defendant could certainly challenge the circumstances of that search. How? You can go to the district judge and challenge those circumstances, can you not? Yes, a defendant could certainly raise that at a revocation. How? Isn't that just a flat out violation of Armstrong? We said there is no exclusionary rule at revocation proceedings. I find it amazing that the government would say that because it just strikes me that I would be stunned if at a revocation proceeding the defendant says this was unreasonable, this wasn't legitimate, and the government is like none of that has anything to do with whether you have to consider the drugs we found under his bed. The Fourth Circuit has said there is no exclusionary rule in revocation proceedings. We found drugs under his bed. Revoke his supervised release. And, Your Honor, the way that I read Armstrong, this Court has specifically said that the Fourth Amendment exclusionary rule does not apply at a revocation proceeding. Absolutely. In this sort of instance, I believe, and I believe this is what Judge Wilkinson may be referencing here, I believe that a defendant could challenge the circumstances of the search under the terms of the condition. The point I'm trying to make is that there could be multiple avenues of relief here. Number one, let's suppose that a search was undertaken and it didn't come up with anything. And the supervisee felt that the probation officer was going well beyond the terms of the special condition. Number one, because there was no reasonable suspicion. Or number two, it wasn't undertaken in a reasonable time and manner. And that could be, that search, whether it be fruitless or whatever, that could be brought before the district judge and say, look, this needs to be pulled back. Or another avenue of relief is the revocation hearing. Now, it doesn't, the exclusionary rule applies to court proceedings. But there's no exclusion of the circumstances of the search at a revocation proceeding. All that can, at a revocation proceeding, all the circumstances surrounding the search can come in and if the search is overbroad or beyond the terms of the special condition, that can be raised. The exclusionary rule may not apply in the sense that evidence doesn't come into trial. But there's no exclusion of any kind of conduct on the part of the probation officer. And that can be brought up before the district judge at the time a specific search is taken. And what I'm asking is, aren't there other avenues to contest this? Your Honor, I would agree with you that a defendant can contest this, either at a time that the search is conducted through addressing it with the court. If a petition were filed to revoke supervised release, there are a number of ways a defendant could contest that, as Your Honor has mentioned. If a defendant doesn't believe that a probation officer had reasonable suspicion, as is required under the condition, the defendant can assert that and — Mr. Adams, are you seriously telling me that the United States is not going to take the position? Cool story. Literally none of that is relevant to the fact that we found drugs under his bed. If the district — The government is going to — I would be flabbergasted if the United States did not take that position. Are you representing the United States would take the position that any of that has any bearing on whether the district court should revoke supervised release when they find the guns or the drugs under his bed? Your Honor, I would take the position that, again, the Fourth Amendment exclusionary rule doesn't apply. But the defendant could raise again — Sure, defendants can say all kinds of things. I'm asking you, is the government going to take the position that none of that is relevant? It would probably be determined on the circumstances of the situation. Okay, let me ask you another question then. Say they find the drugs or guns and then they indict him for a new crime. I would once again be flabbergasted if the government doesn't take the position that there is no exclusionary rule in the criminal prosecution, no exclusionary provision, right? Well, again, I think the court, Your Honor, has to look at the specifics of the condition that permitted the search. I'm asking you what the position of the United States is in that situation, that we would apply — so, again, a situation where under this condition they search his house, they find evidence of tax evasion, he's indicted for tax evasion, he moves to suppress it and says that search was not supported by probable cause and under the facts and circumstances it wasn't even supported by reasonable suspicion. It's going to be the government's position the exclusionary rule doesn't apply, right? In this specific case — In that case I just gave you. Yeah, with this defendant, Your Honor, I would contend that the exclusionary rule would not apply because the seizure of that evidence and the search was consistent with the Fourth Amendment. It was a reasonable search and seizure as to this specific defendant. I thought you were relying on our Armstrong decision. As to a revocation proceeding, again, Armstrong held that the Fourth Amendment exclusionary rule didn't apply. And Armstrong is a little bit of a reverse scenario than we're envisioning here where you have a police officer that may violate the Fourth Amendment and the court says the deterrent effect is already in place so we don't need to apply the exclusionary rule. If the probation officer is conducting himself in an excessive way and is going into the apartment without reasonable suspicion and is undertaking the search in an unreasonable manner, we don't exclude that from a revocation proceeding. That individual behavior can be challenged in a revocation proceeding. Is that correct? Again, I believe that the court can consider that. I think the court does have the inherent authority to fashion a remedy, however, if you have a probation officer that is acting outside of the authority that the court is... If the probation officer is abusing his authority, that can come before the court and it's not going to be excluded. Correct, Your Honor. I believe that the court could and absolutely would consider that fact. In other words, where there is an abuse of authority, that can come before the court. It can come before the court in a number of ways at a revocation proceeding. It can come before the court in the event of a fruitless search. It can come before the court and even a search doesn't uncover anything if it's undertaken without reasonable suspicion in an unreasonable manner. That can come before the court. But what the question I think I'm asking is, where you have a special condition that under 3583D and the special condition imposes restrictions. I'm not talking about an open, broad special condition. I'm talking about a special condition that imposes restrictions. Reasonable suspicion plus a reasonable time and manner. And where restrictions of that nature are imposed, then why would we not do this, take this matter up in an as applied setting rather than facially? So the discussion about circumstances of a particular search, I think that could be taken up in an applied setting. I'm not saying all of these things should be taken up as an applied business. But when you have conditions like reasonable time and manner and the reasonable suspicion, he says they're vague. But, well, then the Fourth Amendment is vague because the linchpin of the Fourth Amendment is reasonableness. But all I'm saying is that it practically, where you have restrictions in a special condition, it practically begs for the matter to be taken up on an as applied basis. Yes, Your Honor, I would agree with that. A defendant can challenge specific searches and that can be taken up on an as applied basis. I guess the problem with that is it sort of lets the district court off the hook, right? Because before we get to that, it's the district court's obligation to fashion a sentence, including conditions of supervision and the like, which are reasonably related to the objective of sentencing. And, you know, we have said in case law that those conditions must be the least restricted measures to ensure the purposes for which they're being imposed. And we may not like that law, but that's where we are. And the problem with this condition is it's just so open-ended. And I get that the focus at the hearing was with drugs and guns and the district court judge made that very point that he was concerned about that. But in the end, this condition does that on steroids is the problem because the example that I gave you about the defendant not complying with the condition with respect to employment would allow the probation officer to search, right? Under the black letter of the condition, yes, I would have to concede that that does meet the condition. And that's regardless of what the district court might have intended? Well, again, just under a plain reading of the condition, yes, I would have to concede. I agree that a search would be at least permissible under a cold reading of the condition. Again, the judge attempted to address this at the hearing by saying he didn't think that it would be or expect that it would be applied in that manner. I would submit, Your Honor, that if, and we're getting into hypotheticals. I'm sorry to interrupt you, but let me just say I don't, I'm not taking a position up and I'm not taking any position right now. I don't think it's the case that this condition could never be imposed. Okay, I'm not suggesting that. But the question is whether or not this condition is appropriate for this offender under the circumstances of the offense. Because we have cases that may be in or out of circuit where you've got a person who's a walking crime spree, who's a danger to society. And in that case, clearly the district court judge has ample discretion to amp up the conditions of supervision to deal with that defendant. But I don't know that this defendant falls in that category and I have concerns about the broad scope of the condition in these circumstances. Well, and I agree the issue is this particular defendant. And the district court tried to focus on Mr. Jackson, again, when he recounted the specifics of the offense. I think the district court really emphasized the nature and circumstances of the offense. Let me ask you something about this defendant. Do we have any, do we have or did the district court have any more information about this defendant's criminal history that's in the PSR? Or was that all the district court had is what's in the PSR? I would believe that would be all the district court had. I can't say, although it's not in the record. The only reason I say that is the PSR is kind of nonspecific about a whole bunch of his past violations. Would you agree with that? I would agree the violations that would have occurred in state court, the PSR does not recount the nature of the violations. It does recount the nature of the violations for his prior federal conviction. And again, it's not in the record. I know it was addressed in an opening argument that this was the district judge that imposed that sentence as well. Is a possible resolution in the case to remand the case and have the district court explain in greater detail how the special condition is related to the 3583D factors of protection of the public and the nature of the offense and all of those factors that are listed and the, you know, history and character of the defendant. Is that, is the government opposed to a limited remand and saying that in some instances this special condition might apply? But we need to understand a little bit more about how the special condition is related to the 3583D factors and just give us a little bit more explanation. How do you feel about that? Judge Diaz, I see my time has expired. If this court found that the district court's explanation was not within the realm of procedural reasonableness, then yes, I believe the remedy would be to remand for further explanation. The government is not taking the position that that's necessary in this case. I'm saying what I find really scary are, you know, the per se condemnations of special conditions when we cannot anticipate all of the different circumstances in which the special condition would be quite reasonable in terms of protecting the public and the rest. So the more specific the case gets for me, the more comfortable I get. I'm saying that these sorts of special conditions, saying these sorts of special conditions are verboten. You've got to get a warrant no matter what, no matter what the circumstances are. Reasonable suspicion is inadequate. These special conditions are too vague. Probation officers can't decide reasonable suspicion notwithstanding the fact that police officers and magistrate judges can apply that all the time, reasonable suspicion. And to go the per se route and say that this is impermissible makes me very edgy. But the government might appreciate the chance to relate the factors, to relate the condition to the individual factors. Now I know you come in with the idea, you know, it should be absolutely affirmed, but sometimes on the part of an oral advocate, a little bit of flexibility, a little bit of damage control might be a good thing. So are you OK with that? Your Honor, if this court did, of course, choose to remand, I would certainly Just to give Judge Chambers the chance to have a little bit fuller explanation. Well, and I would certainly expect if there was a remand, Your Honor, that the court would offer a fuller explanation in accordance with this court's directive. I can respectfully say, Your Honor, I don't believe it's necessary in this case, but I do understand Your Honor's point, and that is well taken, Your Honor. Well, thank you, Mr. Adams. We appreciate that. Thank you. Certainly understand your position. Mr. Byrne. Just a couple points, Your Honor. There were a couple times when Your Honor's proffered some hypotheticals for Mr. Adams to answer, and he conceded that by the plain language of this condition, those hypotheticals will allow these broad searches. I think that that's important because, you know, the district court said at sentencing, well, I don't conceive that this would necessarily be enforced in a particular way, but the Supreme Court has repeatedly said when there is a vague statute or a statute that might run afoul of the Constitution, that the government coming in and saying, trust us, we will get it right, we will only apply this in a narrow, untroublesome way, they've rejected that. I'm sorry, Your Honor. A remand wouldn't be saying, trust us. A remand would be saying, oh, the government's going to be, you know, put through its paces and is going to have to explain and persuade the district judge that the special condition is carefully, is individually tailored, and additionally that there are alternative avenues to challenge this in the event that it's abused. They're not saying, trust us, because if this thing is abused, it can go to the district court and it will play a part in any revocation proceeding or you can bring it to the attention of the district court. But I don't think this is a trust us kind of approach. Your Honor, with respect, I just disagree with this idea that if there are violations of this condition, that there is something substantive that can happen in the district court. For one thing, the language of the condition itself requires Mr. Jackson to comply with it. Failure to comply with it may be grounds itself for revocation, so he can't substantively object to it. At the time this condition would have any sort of impact on Mr. Jackson, which is now, by the way, he finished serving his sentence of imprisonment in January, so he's been on supervision about nine months. He is essentially uncounseled, and just in my experience, defendants on supervision do not run to the judge who imposed their sentence to complain about their probation officers. At best, the probation officer sometimes seeks a modification in terms of supervised release, and in our district, I talk to defendants before they agree to waive their right to a modification hearing, and they complain to me about their probation officers, but there's nothing, there's no real mechanism for that kind of give and take, if it were, and there's certainly no legal mechanism to say the probation officer just ran roughshod over this condition. Judge, you need to not consider that evidence. You raise a good point about the modification because part of the concern here is, well, we want to be sure that we, the district court, I guess, it imposes the conditions that are appropriate to protect the public from the defendant and also hopefully modify and get them in the right direction, but if you start with the least restrictive condition that's necessary, you can always modify it upwards, right? If things turn up that suggest that the defendant needs a little bit more supervision than thought appropriate initially, there's always a chance to go back, as unhappily as they might be with respect to that, and the government go back and modify the conditions to meet the changed circumstances, right? That's correct, your honor, yes. Okay, do you have anything else? Oh, sorry, go ahead. Yeah, absolutely. It would not foreclose, a remand wouldn't foreclose a modification of circumstances if it found that the existing circumstances were insufficiently related to 3583D. You put them in a modification and say, well, but this one will. Who knows? I mean, the district court might say, I don't need to modify it, but there would be nothing in the terms of a remand that would prohibit modification to make sure that it was tailored to the individual circumstances. That would be up to the district judge. Certainly, your honor, if the condition were vacated in the case remanded, Judge Chambers could fashion. It doesn't foreclose anything. It just says, look, your bottom line has to be that these special conditions relate to the factors Congress set forth. And we know what, you know, we know what they are, but they're the history and character that's been a need to protect the public. You can't use punishment or anything, but you can do these other things. I don't know why this isn't a very reasonable approach. I mean, I know you would like us to say this special condition is just, we're going to throw it out of a hook, line, and sinker, and the other folks want us to affirm and say, oh, this is great. We'll give you a big thump on the back. And I'm just wondering why a remand wouldn't, you know, it's always nice when everybody comes together and, you know, enjoys a glass of wine. It's a little early for that, I think. Well, not for some of us. I may have been misled as to how the proceedings in the district court, since I'm normally practicing here. But certainly if the case were remanded and Judge Chambers had another crack at it, we would take another crack at it as well. All right, thank you. Thank you, Your Honors. We appreciate the arguments from both counsel. We'll come down from the bench and greet you and recess for the day. This honorable court stands adjourned until tomorrow morning. God save the United States and this honorable court.
judges: Albert Diaz, J. Harvie Wilkinson III, Toby J. Heytens